**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| KORY LA'RON TURNER BEY, *for* | ) | |
| *KORY TURNER*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-136-JMS-WGH |
| | ) | |
| BUREAU OF PRISONS USP | ) | |
| MCCREARY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Selected Matters**

**I.**

**A.**

A litigant must take care to not succumb to the "ludicrous notion that the defendants [or this court], by 'failing' to respond to documents which he sent to them, somehow concede[ ] and 'stipulate[ ]' to his interpretation of the law and the rights and duties it recognizes." *Stanton v. Hutchins*, 2010 WL 1418563 (W.D.Mich. Apr. 7, 2010). The plaintiff in this case has not avoided this pitfall. For this reason, the notice of fault and opportunity to cure filed by the plaintiff on July 2, 2013, [dkt. 10] is **stricken.** For clarity, however, the document shall be *retained by the clerk, not returned to the plaintiff.*

The notice of fault and opportunity to cure filed by the plaintiff on July 2, 2013, is sanctionable because it has needlessly consumed judicial time and attention. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald,* 489 U.S. 180, 184 (1989); *see also United*

*States ex rel. Verdone v. Circuit Court for Taylor County,* 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.").

The plaintiff is **admonished** to cease the filing of legally baseless documents and documents not connected to the litigation he has initiated. If he does not cease such filings, he is warned that "litigants who decide that they will play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994) (internal quotation omitted).

**B.**

The motion for preliminary injunction [dkt. 9] is **denied** because (1) it seeks relief based on the notice of fault and opportunity to cure filed by the plaintiff on July 2, 2013, a document which has been stricken; and (2) the motion for preliminary injunction seeks relief which is outside the scope of the claims in this case and seeks relief from non-parties.

**II.**

The submission of constructive notice filed on July 2, 2013, is not a pleading; nor is it a motion. The *Federal Rules of Civil Procedure* do not provide for the filing of copies of unsworn correspondence unless included as exhibits in support of or in opposition to a pending motion or as evidence at trial. Accordingly, the submission of constructive notice filed by the plaintiff on July 2, 2013 [dkt. 8] is **stricken and is of no effect.** *For clarity, however, the material stricken as specified above shall be retained with the clerk's file.*

### III.

The plaintiff was previously notified of the statute which directs the proper venue and was given a period of time in which to show cause why this action should not be transferred to the Eastern District of Kentucky. The filings discussed above do not provide a response to the Court's directions and the plaintiff has not otherwise responded. The **clerk shall** include a copy of the Court's Entry of May 30, 2013 with the plaintiff's copy of this Entry.

The plaintiff will have a brief additional period, through **August 5, 2013**, in which to show cause why this action should not be transferred to the Eastern District of Kentucky.

**IT IS SO ORDERED**.

Date: 07/17/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KORY LA'RON TURNER BEY
71549-053
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**